*124 Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
This is an action of assumpsit tried on the general issue, and judgment rendered for the plaintiff below, and an appeal prayed.
The declaration sets out a demand created by the sale and assignment of a note by the plaintiff’s intestate to the testator of the defendant, for the price of which, said testator owed a balance of $400, due in hemp yarn at eight cents per pound, payable on demand. It then sets forth, that the plaintiff, (or rather his predecessor in administration, the present plaintiff being an administrator de bonis non,) demanded the yarn, and that the testator of defendants, drew an order for it on Thomas M. Pindell, of the following tenor:
"Thomas H. Pindell
Sir,
Please to pay to the executors of William Satterwhite, dec’d. four hundred dollars, in yarn at 8 cents per lb. and this shall be deemed your sufficient receipt for the same, agreeably to the contract between you and myself Lexington, Sept. 10, 1814 C. Coyle."
That the representative of Satterwhite presented this order, and Pindell would not accept or pay it, of which Coyle had notice; and that Pindell had no funds of the drawer in his hands at the time the order was drawn; and that Coyle still failed to pay the yarns.
Upon the trial, the principal questions which seem to have arisen proceeded from the parties treating this order as a bill of exchange. It was insisted that due diligence was not used in prosecuting it; in causing it to be protested; and giving notice to the drawer; and that the evidence conduced to prove, a *125 reasonable expectation in Coyle that the bill would be honored; and, therefore, he was warranted in drawing it, and entitled to due diligence and notice. These same questions have been repeated in this court.
In such case the action is not to be on the dishonored and unpaid order, as in case of bills, but on the original consideration and contract.
Wickliffe and Cowan for appellant; Crittenden and Chinn for appellee.
On one palpable ground we dismiss the whole of that part of the controversy. This writing is not a bill of exchange. It does not come within the provisions of the law merchant, and none of its doctrines can be applied to it. It is too well settled to need the citation of authority, that it is essential to a bill of exchange, that it should be drawn for money, and all drafts or orders drawn for other commodities, operate only as an authority to receive the contents, and the holder of them is not bound to apply either the speed, or the formalities, required in conducting a bill of exchange, and when they sue must resort to the original cause of action; and such was the case of this order.
In this view, this controversy is brought down to one of great plainness and no difficulty. The declaration is based on the original contract and consideration, and demand arising by virtue thereof. So far as it sets out this writing, it can only be considered as shewing a good and valid demand of the yarn, and not as taking the order for the base of the action. The evidence conduced to shew the original contract, and the use made of the draft, established a clear but unsuccessful demand of the yarn.
There is, therefore, no error in the judgment of the court below, and it must be affirmed with costs and damages.